# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| M&T BANK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK T. GUTHRIE, JR., | ) | N19C-07-179 FWW |
| | ) | |
| Defendant, Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN BROOKS, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |

Submitted: January 31, 2020
Decided: April 24, 2020

*Upon Plaintiff M&T Bank's Motion for Summary Judgment*
**GRANTED, in part,** and **DENIED, in part.**

John E. Tarburton, Esquire, Orlans P.C., 512 East Market Street, Georgetown, Delaware 19947; Attorney for Plaintiff M&T Bank.

Elwood T. Eveland, Jr., Esquire, Eveland Law Firm, 715 King Street, Suite 200, Wilmington, DE, 19801; Attorney for Defendant Mark T. Guthrie.

**WHARTON, J.**

## I.  INTRODUCTION

Plaintiff M&T Bank ("M&T Bank") brings this breach of contract and debt collection action against Defendant Mark T. Guthrie ("Guthrie") for what it alleges is an outstanding amount due under an installment contract and security agreement ("Agreement") for the purchase of a motor vehicle.  Before the Court is M&T Bank's Motion for Summary Judgment (the "Motion"). This is the Court's decision on the Motion.

The Motion seeks an order that Guthrie is in default under the Agreement and M&T Bank is entitled to damages in a sum certain.  Here, however, the issues of breach and damages must be considered separately.  It is clear that Guthrie breached the agreement in a variety of ways, but because the record must be developed further concerning whether the sale of the vehicle was commercially reasonable under *Hicklin v. Onyx Acceptance Corp.*,[1] M&T Bank's request for a full determination as to breach and damages in this Motion can be granted only in part.  Accordingly, M&T Bank's Motion for Summary Judgment is **GRANTED** on the issue of breach of contract, but is **DENIED** as to damages.

---

[1] *Hicklin v. Onyx Acceptance Corp.*, 970 A.2d 244 (Del. 2009). Guthrie's Answer to M&T Bank's Complaint asserts affirmative defenses concerning commercial reasonableness and mitigation of damages.

## II.    FACTUAL AND PROCEDURAL CONTEXT

In April 2017, M&T Bank entered into an Agreement whereby M&T Bank provided Guthrie with a loan in the original principal amount of $29,953.00 for the purchase of a 2017 Chevrolet Malibu (the "Vehicle").[2]  In return, Guthrie granted M&T Bank a security interest in the vehicle as collateral for the loan,[3] agreed to pay M&T Bank "[i]f the vehicle is damaged, destroyed, or missing,"[4] agreed that M&T Bank could accelerate the loan should Guthrie fail to make his payments,[5] and agreed that he would insure the vehicle.[6]

According to Guthrie, he only signed the Agreement to assist his cousin John Brooks ("Brooks") because Brooks "was down on his luck, and had no credit, and needed transportation to get back on his feet."[7]  Guthrie purchased the vehicle and gave it to Brooks,[8] however Guthrie required Brooks to make the installment

---

[2] Pl.'s Compl. at ¶ 3, D.I. 1; *see also* Def.'s Ans. at ¶ 3, D.I. 8.

[3] Pl.'s Compl. at ¶ 4, Ex. A at § 2(c), D.I. 1; *see also* Def.'s Ans. at ¶ 4, D.I. 8.

[4] Pl.'s Compl., Ex. A at § 2(a). ("If the vehicle is damaged, destroyed, or missing[, you] agree to pay us all you owe under contract [...]."), D.I. 1.

[5] Pl.'s Compl., Ex. A at § 3(b) ("You may have to pay all you owe at once. If you break your promises (default) we may require that you pay all you owe on the contract at once [...]."), D.I. 1.

[6] Pl.'s Compl., Ex. A at § 2(d). ("You agree to have physical damage insurance [...]."), D.I. 1.

[7] Def.'s Third-Party Compl. at ¶ 3, D.I. 8.

[8] *Id.*

payments and insure the vehicle.[9]   After receiving the vehicle from Guthrie, Brooks moved to Florida and remains a resident there.[10]

Shortly after relocating, Brooks damaged the vehicle in a collision, "resulting in a total loss."[11] Although M&T Bank and Guthrie dispute whether M&T Bank repossessed the vehicle voluntarily, the vehicle was sold by M&T Bank after repossession.[12]  The parties also dispute the amount recovered from the sale.[13]  After deducting the sale proceeds from the total amount owed under the Agreement, M&T Bank claims it is still owed damages, and seeks a total of $31,309.17, with interest, counsel fees, late charges and costs permitted under the Agreement.[14]

On July 23, 2019, M&T Bank filed this Complaint against Guthrie.[15]  Guthrie filed a Motion to Quash Service of Summons ("Motion to Quash"),[16] which this Court denied on September 9, 2019.[17]  Guthrie filed an Answer to M&T Bank's Complaint on September 30, 2019.[18]  In it, he denies breaching the Agreement,

---

[9] *Id.* at ¶ 4.
[10] *Id.* at ¶ 5.
[11] *Id.* at ¶ 7.
[12] Pl.'s Compl. at ¶ 6-7, D.I. 1; *see also* Def.'s Ans. at ¶ 6-7, D.I. 8.
[13] *Id.* at ¶ 5-6. (M&T Bank states in its Complaint that $513.50 was applied to Guthrie's arrears.  D.I. 1.  In his Answer, Guthrie challenges that amount. D.I. 8.)
[14] Pl.'s Compl., D.I. 1.
[15] *Id.*
[16] D.I. 4.
[17] D.I. 6.
[18] D.I. 8.

asserts five affirmative defenses, and adds a third-party complaint against Brooks.[19] On December 26, 2019, M&T Bank filed this Motion,[20] and on January 31, 2020, Guthrie responded.[21] On February 26, 2020, Guthrie moved for default judgment against Brooks,[22] which this Court granted on March 16, 2020.[23]

## III. STANDARD OF REVIEW

Under Superior Court Civil Rule 56(c), a party is entitled to summary judgment if the moving party can show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.[24] When material facts are in dispute or "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances," summary judgment will not be appropriate.[25] The party moving for summary judgment bears the initial burden of showing no material issues of fact are present.[26] When a moving party meets his initial burden of showing that no material issues of fact exist, the burden shifts to the nonmoving party to show that such issues do exist.[27]

---

[19] *Id*.
[20] D.I. 15.
[21] D.I. 19.
[22] D.I. 20.
[23] D.I. 23.
[24] Del. Super. Ct. Civ. R. 56(c).
[25] *Ebersole v. Lowengrub*, 180 A.2d 4678, 468-69 (Del.1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).
[26] *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).
[27] Del. Super. Ct. Civ. R. 56(c).

## IV. THE CONTENTIONS OF THE PARTIES

M&T Bank asserts that "[t]he Agreement provides that upon [Guthrie's] failure to pay when due [...], the loan shall be in default and [M&T Bank] may accelerate [...] the outstanding principal balance and accrued interest together with any additional amounts payable shall be immediately due and payable without demand."[28] As a result of Guthrie's failure to make payments on the Agreement and failure to obtain insurance, M&T Bank argues that Guthrie has breached the Agreement and requests this Court to grant the Motion and award damages.[29]

Guthrie, in his Answer, denies that he breached the Agreement by failing to make the required payments.[30] However, in Guthrie's Third-Party Complaint against Brooks, Guthrie alleges that "John Brooks breached his agreement with [Guthrie] by failing to make payments on the installment loan and by failing to [insure] the [v]ehicle."[31]

## V. DISCUSSION

The Court first addresses whether M&T Bank has met its summary judgment burden as to its breach of contract claim. It then addresses any relevant affirmative

---

[28] Pl.'s Mot. for Summ. J. at ¶ 2, D.I. 15.

[29] *Id.* at ¶ 5.

[30] Def.'s Ans. at ¶ 10, D.I. 8.

[31] Def.'s Third-Party Compl. at ¶ 9, D.I. 8.

defenses.  To meet its burden under this Motion, M&T Bank must show that no genuine issues of material fact are present.[32]

### A.  Breach of Contract

The record establishes that Guthrie did not make payments or obtain insurance, as required under the Agreement, but instead delegated these duties to his cousin.[33] That delegation does not absolve Guthrie of liability under the Agreement between himself and M&T Bank.  In fact, it violates another term of the Agreement.[34]

Under the Agreement, Guthrie, as the named party to the contract, was responsible for insuring the vehicle and making monthly payments.[35]  He did not do either.  By failing in those responsibilities, Guthrie breached the Agreement and M&T Bank is entitled to summary judgment, at least in part.

### B.  Affirmative Defenses

In his Response to the Motion, Guthrie relies upon the affirmative defenses set out in his Answer,[36] which the Court now addresses. First, Guthrie asserts that

---

[32] Del. Super. Ct. Civ. R. 56(c).
[33] Def.'s Third-Party Compl. at ¶¶ 8,9, D.I. 8.
[34] *See* Pl.'s Compl., Ex. A. § 2(b). ("You agree not to [...] sell, rent, lease, or transfer any interest in the Vehicle [...] without our written permission"), D.I. 1.
[35] *See* Pl.'s Compl., Ex. A, D.I. 1.
[36] Def.'s Resp. to Mot. for Summ. J., D.I. 19; Def.'s Ans. at 1-2, D.I. 8.

7

"[M&T Bank's] complaint fails to state a claim upon which relief can be granted."[37]

This affirmative defense is without merit. M&T Bank's Complaint very clearly sets forth a claim for breach of contract for which relief can be granted.

Second, Guthrie claims that "[M&T Bank's] claims may be barred and/or reduced by [M&T Bank's] failure to make a reasonable sale under the Uniform Commercial Code."[38] Under *Hicklin v. Onyx Acceptance Corp.*,[39] the failure to establish a commercially reasonable sale of secured collateral bars a recovery of any deficiency.[40] This affirmative defense goes to the issue of damages, indeed, whether M&T Bank is entitled to damages at all. Because the record on the question of whether the sale of the vehicle was commercially reasonable is undeveloped, M&T Bank is not entitled to summary judgment as to damages.

Third, Guthrie argues that "[M&T Bank] failed to mitigate its damages."[41] This affirmative defense also involves the issue of damages as well, and, similarly, M&T Bank is not entitled to summary judgment on that issue.

---

[37] *Id.* at 1.
[38] *Id.*
[39] *Hicklin v. Onyx Acceptance Corp.*, 970 A.2d 244 (Del. 2009).
[40] *Id.* at 254.
[41] Def's Ans. at 2, D.I. 8.

Fourth, Guthrie contends that "[M&T Bank] made improper service of process upon [Guthrie]."[42] The Court previously resolved this issue.[43] Guthrie asserts service should be made according to Superior Court Civil Rule 4(f)(1)(I)[44] and contends that M&T Bank attempted to provide service according to Superior Court Civil Rule 4(f)(1)(II) by leaving service of process materials with Guthrie's eleven year old daughter at their residence.

Guthrie misinterprets Rule 4(f)(1)(I). Here, service was made on an adult, Guthrie, in accordance with Superior Court Civil Rule 4(f)(1)(I). Although a copy of the summons, complaint and affidavit were left with Guthrie's eleven year old daughter, in effect, service was made on Guthrie. By leaving the materials "at [Guthrie's] usual place of abode with some person of suitable age and discretion then residing therein,"[45] M&T Bank served Guthrie. There is no indication, under Delaware Superior Court Service of Process rules or Delaware case law, that

---

[42] *Id.*

[43] D.I. 6.

[44] Del. Super. Ct. R. 4(f)(1)(I). ("**Upon an individual other than an infant or incompetent person by** delivering a copy of the Summons, Complaint and Affidavit, to that individual personally or by **leaving copies thereof at that individuals dwelling house or usual place of abode with some person of suitable age and discretion then residing therein**, or by delivering copies thereof to an agent authorized by appointment or by law to receive service of process.") (emphasis added).

[45] *See Id.*

Guthrie's eleven year old daughter was a person of unsuitable age and discretion for purposes of accepting service under Rule 4(f)(1)(I). This affirmative defense is without merit, and does not prevent summary judgment.

Last, Guthrie asserts that "[Guthrie] reserves his right to file additional affirmative defenses upon the close of discovery."[46] This affirmative defense requires no response nor does it require this Court to withhold judgment at this juncture.

The Court finds that Guthrie has failed to raise any relevant affirmative defense that would bar M&T Bank's breach of contract. Further, the Court finds that there are no genuine issues of material fact as to that claim. Guthrie's failure to make the monthly payments under the Agreement, his failure to insure the vehicle as required under the Agreement, and his failure to abide by the Agreement's transfer restriction mean that M&T Bank is entitled to summary judgment on the issue of breach of contract.

### C. Damages

In order to recover damages, M&T Bank must establish that the sale of the vehicle was commercially reasonable. It can show commercial reasonableness in one of two ways - either by establishing that every aspect of the sale was conducted

---

[46] Def.'s Ans. at 2, D.I. 8.

in a commercially reasonable manner, or by showing that it sold the vehicle in accordance with the accepted practices of reputable dealers in that type of property.[47] The current record before the Court establishes neither, and it seems desirable to inquire more thoroughly into the facts surrounding the sale. For that reason, and for now, the Court must deny the portion of the Motion seeking summary judgment as to damages.

## VI. CONCLUSION

For the reasons stated above, M&T Bank's Motion for Summary Judgment is **GRANTED** as to breach of contract and **DENIED** as to damages.

**IT IS SO ORDERED**.

/s/ Ferris W. Wharton
Ferris W. Wharton, J.

---

[47] *Hicklin* at 250.